IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00644-WDM-CBS

EDWARD J. KERBER, *et al*, Individually,
and as Representatives of plan participants
and plan beneficiaries of the QWEST GROUP LIFE INSURANCE PLAN,

    Plaintiffs,

vs.

QWEST GROUP LIFE INSURANCE PLAN, *et al.*,

    Defendants.
_____

**CONFIDENTIALITY ORDER**
_____

This Court has reviewed the Joint and Stipulated Motion for Entry of Confidentiality Order (the "Motion") submitted by plaintiffs (collectively, "Plaintiffs") and Defendants (collectively, "Qwest"). This Court hereby grants the Motion and enters the following order ("Order") concerning the confidentiality of information in this action.

**I.     NATURE OF INFORMATION AND MATERIALS PROTECTED**

1.     *Applicability*. "Confidential Information" will include any document, testimony, or response to a discovery request, including any extract, abstract, chart, summary, recording, order, finding, transcription of a hearing, recording or otherwise, note, or copy made therefrom (collectively "Information"), that is designated as such pursuant to this Order. Any party may designate such Information as "Confidential" to the extent it determines such Information: (a) constitutes or contains non-public information concerning income, profits, losses, expenditures, marketing, sales, purchases, pricing,

business strategies, customers, employees or former employees; (b) if disclosed to another party would harm or disadvantage the commercial or personal privacy interests of the producing party; (c) is subject to a non-disclosure or confidentiality agreement with a third party; or (d) otherwise meets the standards for protection set forth in Federal Rule of Civil Procedure 26(c).

    a. Notwithstanding the foregoing, "Confidential Information" will include only such Information as is produced pursuant to formal discovery in this action and labeled as such. Other Information exchanged between or among Plaintiff and Qwest (collectively, the "Parties") shall be governed by this Order if previously designated as "Confidential."

    b. All Information designated as "Confidential" by the producing party shall be deemed confidential for all purposes as provided in this Order until such time that a request for declassification is made pursuant to Paragraph 13.

    c. This Order shall be applicable to the Parties; officers, directors and employees of Qwest; and, as defined in paragraph 5 hereafter, Other law firm attorneys, Law Firm Personnel, Outside consultants/experts, Service bureaus and Other qualified persons.

    2. *Confidential Information of Non-Parties*. The term "producing party" encompasses not only the Parties, but also non-parties who may disclose or produce information pursuant to formal discovery in this litigation, including pursuant to a subpoena.

3. *"Confidential Information."* All Confidential Information shall be used by the receiving party solely for the purpose of litigating this lawsuit (or for discovery-related proceedings in other courts arising from discovery in this action) and for no other purpose, and shall not be disclosed to any person or entity except in accordance with the terms of this Order. Either of the Parties may at any time file a motion or other request with this Court seeking to amend this paragraph.

## II.   RESTRICTIONS ON ACCESS TO CONFIDENTIAL INFORMATION

4. *Access to information designated "Confidential."* Access to information that is designated "Confidential" shall be limited to: (a) the Parties (including all proposed class representatives) and their officers, directors, in-house counsel and employees; (b) counsel of record for any party and Other law firm personnel; (c) the Court (and all court personnel), including all court-appointed arbitrators or mediators; (d) witnesses at depositions; (e) Service bureaus; (f) Outside consultants/experts; and (g) Other qualified persons.

5. *Definitions.* Certain terms referenced above are defined as follows:

(i)   *"Other law firm personnel"* means individuals who are attorneys or employees of the law firms of the outside attorneys of record for any party.

(ii)   *"Outside consultant/expert"* means a person, not employed by the receiving party, who is retained or hired by that party or its attorneys of record in this matter, for the purposes of assisting with this litigation (*e.g.* expert witnesses, consultants and other independent persons) provided the person has signed a

document in substantially the form of Exhibit A attached hereto. Counsel for the party engaging this person shall retain the signed copies of Exhibit A. The Parties may request access to such signed documents only for good cause shown, except that if any such person submits a written expert report in this matter, the opposing party may request such a signed document from that person.

(iii)   *"Service bureau"* means a company or person that:

(A)   is independent of the Parties, and a company will be considered independent even if it conducts regular business with a party;

(B)   is engaged by counsel of record to perform court reporting or clerical-type services in connection with this litigation, *e.g.,* photocopying, imaging, computer data entry, and the like; and

(C) agrees to keep such information confidential

(iv)   *"Other qualified persons"* means the following: (1) any persons whom counsel reasonably believes to be the author or a recipient of the document, who is mentioned in the document, or whom counsel reasonably believes to have knowledge related to the document and who has been disclosed pursuant to Rule 26(a)(1) and has signed a document substantially in the form as Exhibit A, (2) any person who is a current, former or retired employee of the producing party whom counsel reasonably believes to have knowledge related to the document and who has been disclosed pursuant to Rule 26(a)(1) and has signed a document

substantially in the form as Exhibit A, or (3) is so designated by order of the Court, or by written agreement of the producing party.

6. *Confidential Information of nonparties.* In the event that a party seeks discovery from a nonparty to this action, the nonparty may designate its responsive information "Confidential" so that such information is subject to the terms of this Order.

7. *Disclosure to certain persons associated with producing party.* Nothing in this Order shall preclude any party from showing a document designated as Confidential Information to an individual currently employed by the producing party. Nor shall anything in this Order preclude a producing party from using, in its business, the documents it produces in this action.

8. *No waiver of right or obligation to object to production.* Nothing contained in this Order shall be construed as a waiver by any party of its right to object to the subject matter or scope of any request for production of documents in this matter.

9. *Requests for additional protection.* This Order shall be without prejudice to the right of the Parties to request additional confidentiality protection from the Court.

**III.   DESIGNATION AND LABELING OF CONFIDENTIAL INFORMATION** 0.

*Labeling of documents.* Information designated as protected that is in documentary or other tangible form shall have at least the first page labeled by the producing party as "Confidential" in order to designate the entire document "Confidential" or shall have the particular pages deemed "Confidential" to be individually marked as "Confidential."

11. *Designation of other disclosures*. Information being designated as protected that is not in documentary or other tangible form, or that cannot conveniently be labeled, shall be designated and/or categorized by the producing party in a writing provided to the receiving party at the time of production.

12. *Preliminary designation of documents being inspected.* If a producing party elects to produce documents and things for inspection, it need not label the documents and things in advance of the initial inspection. For purposes of the initial inspection, all documents within the produced files will be considered as having been marked "Confidential." Thereafter, on selection of specified documents for copying by the inspecting party, the producing party shall mark the original documents and/or the copies of such documents with the confidentiality marking described in paragraph 10 at the time the copies are produced to the inspecting party.

13. *Requests for declassifying Confidential Information*. At any time that a party believes that a document or information which has been classified by the producing party as "Confidential" should be declassified from its indicated status, counsel for the party desiring declassification shall notify counsel for the producing party, in writing, of its request for declassification. Such request shall particularly identify the "Confidential" information that the party requesting declassification contends is not confidential. The producing party shall then explain the reasons supporting the confidentiality of the document or portions deemed confidential. If the parties cannot resolve the issue of declassification within three (3) business days after such a request for declassification,

then it shall be the obligation of the party requesting declassification to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this order, but the party seeking confidential treatment shall have the burden of demonstrating why the document or information should be deemed confidential. If such a motion is filed, the disputed information shall still be treated in the manner designated by the producing party until the Court rules on the motion.

14.   *Designation of and procedure for any deposition testimony.* The following procedures shall be followed if Confidential Information of a producing party is discussed or disclosed in any deposition permitted in this proceeding.

(a)   The producing party shall have the right to exclude from attendance at the deposition, during such time the producing party reasonably believes Confidential Information will be discussed or disclosed, any person other than the deponent, counsel, the court reporter, and any other person entitled to access to the Confidential Information pursuant to Paragraph 4.

(b)   At any time on the record during a deposition the producing party may designate any portion of the deposition and transcript thereof to be "Confidential." If such a request is made on the record during the deposition, the reporter shall later indicate on the cover page of the transcript that the transcript contains "Confidential" information and additionally, if less than the entire transcript, shall list the pages and line numbers of the transcript in which the Confidential Information is contained.

(c) Alternatively, such a designation of deposition confidentiality may be made in writing to all counsel of record within ten (10) days after counsel receives a copy of the transcript of the deposition. The designation shall contain a list of the numbers of the pages and lines of the transcript that are being designated as containing Confidential Information and a copy of the deposition transcript with the copies of the pages marked as "Confidential"). All counsel of record shall treat all deposition transcripts as "Confidential" for the first ten (10) days after receipt of such deposition transcripts.

15. *Inadvertent production.* If a party inadvertently produces a document containing Confidential Information without marking or labeling it as such, the information shall not lose its protected status through such production and the Parties shall take all steps reasonably required to assure its future confidentiality to the greatest extent possible if the producing party provides written notice to the receiving party within ten (10) days of discovering the incorrect designation or the production of the document, whichever is later, such notice identifying the document in question and of the corrected confidential designation for the document.

## IV. FILING CONFIDENTIAL INFORMATION WITH THE ARBITRATOR

16. *Filings with the Court.* A document containing Confidential Information shall be filed under seal in a manner consistent with this Court's local rules.

17. *Confidentiality of hearings.* The Court may enter orders consistent with this Court's local rules, and as this Court deems appropriate, to protect the confidentiality of any Confidential Information discussed at a hearing or trial.

## V.   PROCEDURES REGARDING THIS ORDER

18. *Enforcement of this Order by the Court*: The Court may sanction a violation of this Order as the Court determines appropriate.

19. *Return and destruction of documents.* Except as set forth below, within sixty (60) days of final termination of this matter including any appeal or the expiration of the time for any appeal, the attorneys of record for each receiving party shall return to each producing party or its attorney of record all documents (and copies thereof) including but not limited to all Confidential Information (and any copies thereof) that have been furnished to it by the producing party. At the option of the receiving party, such documents received by the receiving party may be destroyed in lieu of being returned to the producing party with written certification of destruction being furnished by the receiving party.

## VI.   MISCELLANEOUS

20. *Subpoena by other courts, agencies or persons*. If another court, agency or person subpoenas or orders production of Confidential Information that a Party has obtained under the terms of this Order, such Party shall promptly notify the producing party of such subpoena or orders prior to the date of the return of the subpoena. The

responsibility of the subpoenaed party to protect such Confidential Information pursuant to this Order shall be fulfilled upon the giving of the notice referenced above.

21.     *Non-termination.* The provisions of this Order shall not terminate at the conclusion of this action, but shall remain applicable to any Confidential Information until disposition of such information pursuant to paragraph 19 above.

DATED at Denver, Colorado, this 15th day of August, 2007.

                                                           BY THE COURT:

                                                           *s/Craig B. Shaffer*
                                                           Craig B. Shaffer
                                                           United States Magistrate Judge

Stipulated to by counsel for the Parties:

s/Curtis L. Kennedy
Curtis L. Kennedy, Esq.
8405 E. Princeton Avenue
Denver, Colorado 80237-1741
Telephone: (303) 770-0440
Fax:     (303) 843-0360
CurtisLKennedy@aol.com
*Attorney for Plaintiff*s

s/ Christopher J. Koenigs
Christopher J. Koenigs, Esq.
Michael B. Carroll, Esq.
Sherman & Howard LLC
633 Seventeenth Street, Suite 3000
Denver, CO 80202
(303) 297-2900
*Attorneys for Defendants*

# **EXHIBIT A**

## **AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER**

I _____, in order to be provided access to information designated as Confidential Information pursuant to the Confidentiality Order entered in the matter captioned *Kerber v. Qwest Group Life Insurance Plan, et al.* United States District Court for the District of Colorado, Civil Action No. 07-cv-00644-WDM-CBS (the "Action"), represent and agree as follows:

1.  I have received and read the Confidentiality Order.

2.  For any and all information designated as Confidential Information pursuant to the terms of the Confidentiality Order to which I am given access in connection with the Action, I agree to be bound by the provisions of the Confidentiality Order and to handle such Confidential Information in the manner required by the Confidentiality Order.

3.  I understand that the violation of the terms of the Confidentiality Order will constitute breach of the Confidentiality Order and may subject me or any entity I represent to sanctions, including a possible claim for damages against me personally.

4.  I consent to the exercise of jurisdiction over me by the Court presiding over the Action solely for purposes of enforcing my compliance with the Confidentiality Order and for purposes of sanctioning me for any violation of the Confidentiality Order.

_____

Date: _____