IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00644-WDM-KLM

EDWARD J. KERBER,
NELSON B. PHELPS,
JOANNE WEST,
NANCY A. MEISTER,
THOMAS J. INGEMANN, JR.,
MARTHA A. LENSINK,
SAMUEL G. STRIZICH,
Individually, and as Representatives of plan participants and plan beneficiaries of the
QWEST GROUP LIFE INSURANCE PLAN,

    Plaintiffs,

v.

QWEST GROUP LIFE INSURANCE PLAN,
QWEST EMPLOYEES BENEFIT COMMITTEE,
QWEST PLAN DESIGN COMMITTEE,
QWEST COMMUNICATIONS INTERNATIONAL, INC.,

    Defendants.
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiffs' Motion to Compel Discovery Response to Interrogatory and Related Document Production** [Docket No. 95; Filed July 23, 2008] (the "Motion"). The Court has reviewed the Motion, Defendants' Response [Docket No. 100; Filed August 12, 2008], Plaintiffs' Reply [Docket No. 102; Filed August 26, 2008], Defendants' Sur-Reply [Docket No. 105; Filed August 28, 2008], the arguments of counsel at the hearing held on October 14, 2008, the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that

1

the Motion is **GRANTED**, as set forth below.

I.  **Background**

Plaintiffs' Amended Complaint, filed May 15, 2007, asserts violations of ERISA, 29 U.S.C. § 1132, *et seq.*, relating to Defendants' administration of a group life insurance benefit plan applicable to company retirees [Docket No. 10]. In simple terms, Plaintiffs contend that Defendants unilaterally decided to reduce basic life insurance coverage in contradiction of the terms of the plan. *Amended Complaint* [#10] at 2-3.

II.  **Motion to Compel**

Plaintiffs now seek an order compelling Defendants to respond to Interrogatory No. 2 and produce documents in response to Document Request No. 2. *Motion* [#95] at 1.

Interrogatory No. 2 and Document Request No. 2 request the following:

Interrogatory No. 2: With respect to Appendix 8 of the 1998 Governing Plan Document (see copy attached hereto), identify all persons who participated in discussions and made either a recommendation or the decision to either include Appendix 8 to be made part of the Governing Plan Document or remove Appendix 8 from being part of the Governing Plan Document, and state separately all the reasons for its inclusion and all the reasons for its removal. For each person identified, state whether he or she relied upon either written or verbal legal advice and identify the legal counsel involved. Give the date Appendix 8 became part of the Governing Plan Document.

Document Request No. 2: Produce all documents related to the creation of Appendix 8 for inclusion with the Governing Plan Document. This includes drafts and any document explaining the reason for the terms appearing on Appendix 8.

*Motion* [#95] at 2, 6.

The controversy in the instant matter centers around Appendix 8 of the 1998 Governing Plan ("Appendix 8"). Plaintiffs argue that Appendix 8 is a "material part" of the 1998 Governing Plan Document. *Motion* [#95] at 3. However, Defendants assert that

2

Appendix 8 was never incorporated into the Governing Plan, and that instead, Appendix 7 was incorporated into the Governing Plan. *Response* [#100] at 2. Defendants argue that "[a]lthough the text of the Plan Document fails to mention Appendix 8 even once, copies of the Plan Document in Qwest's pre-litigation files had as their last page a single piece of paper labeled Appendix 8 . . . . [T]he most reasonable and likely explanation is that Appendix 8 is there only because a mistake was made during the copying and organizing of the pages of the Plan Document." *Response* [#100] at 4. Defendants further argue that "[a]n examination of Appendix 7 and Appendix 8 provides further evidence that Appendix 8 was a draft of Appendix 7 that was never intended for incorporation into the text of the Plan Document. The two appendices are the same, except that Appendix 7 adds a few additional words and corrects a typographical error." *Response* [#100] at 4 (internal citations omitted). As such, Defendants contend that Interrogatory No. 2 is not relevant to this action. *Response* [#100] at 2. Defendants also argue that they have already provided all of the responsive information in their possession related to Document Request No. 2, and that Plaintiffs merely disagree with their response as a factual matter. *Response* [#100] at 2.

Plaintiffs contend that it is "blatantly untrue" that Appendix 8 was mistakenly attached to the 1998 Governing Plan Document. *Motion* [#95] at 2. Moreover, Plaintiffs argue that "[b]ecause Appendix 8 sets forth express terms of the Plan, terms which benefit Plaintiffs/Retirees, the Court cannot be dismissive of the document." *Reply* [#102] at 3. The majority of Plaintiffs' other arguments relate to their belief that Appendix 8 once was part of the 1998 Governing Plan Document and that Defendants took action to delete or remove Appendix 8 based upon the filing of the instant lawsuit. *See, e.g., Motion* [#95] at

3

4.

## A. Relevance of Appendix 8

The Court must first address the relevance of Appendix 8. As a preliminary matter, the scope of discovery is broad and "is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995) (citation omitted). Pursuant to Fed. R. Civ. P. 26(b)(1), Plaintiffs "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." When relevance is not apparent on the face of a party's discovery request, the party seeking the discovery has the burden to show the relevance by sufficiently demonstrating that the request appears reasonably calculated to lead to the discovery of admissible evidence. *Gomez*, 50 F.3d at 1519; *Johnson ex rel. Johnson v. Olathe Dist. Sch.*, 212 F.R.D. 582, 586 (D. Kan. 2003).

Because the procedural history of this case is both complex and related to the relevance of Appendix 8, the Court will set it out in some detail. On June 29, 2007, the parties stipulated that a document entitled "US West Group Life Insurance Plan as Amended and Restated Effective as of June 12, 1998," (the "Authentic Document"), referred to in paragraphs 1, 23, 58, 81 and 88 of the Amended Complaint and consisting of pages QL-000001-QL-00037 [sic], is authentic and not hearsay. *Stipulation Regarding Authenticity and Admissibility of Certain Documents Produced by the Parties* [Docket No. 17-2; Filed June 29, 2007]. The Authentic Document does *not* include Appendix 8. *See id.* Paragraphs 1, 23, 58, 81 and 88 of the Amended Complaint [#10] refer to the "governing PLAN document" as the basis for Plaintiffs' claims. Thus, the parties' Stipulation that the Authentic Document is the document referred to in those paragraphs implies that

4

the parties agreed that the "governing plan document" which is the basis for Plaintiffs' claims in this litigation excluded Appendix 8.  Moreover, at the time of the Stipulation, Plaintiffs' counsel was aware of Appendix 8, and explicitly requested by email that it be excluded from the definition of the Authentic Document for purposes of the Stipulation.  *Sur-reply* [#105] at Ex. B, p. 1.

The Authentic Document includes Appendix 7, which differs from Appendix 8 in two ways: first, it limits basic life insurance coverage to $20,000 for employees who retired before January 1, 1996 and died after December 31, 1996, and second, it sets a maximum amount of coverage for those who retired on or after January 1, 1996 at whatever amount was in effect on December 31, 1995 or $100,000, whichever was greater.  *Response* [#100] at 5.  In contrast, Appendix 8 limits basic life insurance coverage to $20,000 for all employees who retired before January 1, 1996, and maximizes coverage at $100,000 for all employees who retired on or after January 1, 1996.  *Id.*

Considering that the parties freely agreed that the Authentic Document includes only Appendix 7, the Court's analysis regarding the relevance of Appendix 8 would end here were it not for two actions taken by Defendants that implicate the potential importance of Appendix 8.  First, on July 14, 2008, Defendants filed their Brief in Opposition to Plaintiffs' Amended Motion for Summary Judgment [Docket No. 91].  Attached to that Brief was the declaration of Erik P. Ammidown, Defendants' Director of Employee Benefits [Docket No. 91-2].  Mr. Ammidown swore that a "true and correct copy" of the US West Group Life Insurance Policy was attached to his declaration as Exhibit 4.  *Declaration* [#91-2] at ¶ 12.  That copy of the plan *included* Appendix 8.  Next, on August 20, 2008, counsel for Defendants delivered to Plaintiffs' counsel a copy of a memorandum dated June 19, 1998

5

attaching "the official, original executed copy of the US West Group Life Insurance Plan." [Docket No. 102-2; Filed August 26, 2008]. That document also *includes* Appendix 8.

In attempting to explain these discrepancies, and in response to Plaintiffs' discovery requests regarding Appendix 8, Defendants assert that "copies of the Plan Document in Qwest's pre-litigation files had as their last page a single piece of paper labeled Appendix 8 . . . . [T]he most reasonable and likely explanation is that Appendix 8 is there only because a mistake was made during the copying and organizing of the pages of the Plan Document." *Response* [#100] at 4. Indeed, the Court finds that, on its face, Appendix 8 appears to be a draft of Appendix 7 that was not meant to be included in the governing plan document, for the following reasons. First, the Table of Contents of the plan document does not refer to Appendix 8, but instead refers to Appendices 1 through 7. *Response* [#100] at 3; *Motion* [#95] at Ex. 4, p. 2. Second, the text of the plan document does not refer to Appendix 8, but instead refers to Appendix 7. *Response* [#100] at 3; *Motion* [#95] at Ex. 4, p. 14. Third, all of the language in Appendix 8 is included in Appendix 7 verbatim, and Appendix 7 includes additional language. *Response* [#100] at 5. Fourth, Appendix 8 contains a typographical error in sub-paragraph delineation, as the first sub-paragraph to paragraph 1.1 is labeled "(b)" and the second sub-paragraph to paragraph 1.1 is labeled "(a)". *Id.* This typographical error is corrected in Appendix 7. *Id.* Fifth, in June of 2007, Defendants adopted a resolution providing that effective January 1, 2007, both Appendices 7 and 8 "were deleted in their entirety" from the governing plan document. *Motion* [#95] at Ex. 5, p. 3.

Nevertheless, mistake or not, Defendants have represented on at least two occasions that the plan document at issue *includes* Appendix 8. *See Declaration* [# 91-2]

and *Reply* [#102] at Ex. 6, p. 3. Moreover, Defendants made these representations *after* the Stipulation signed by all counsel agreed that the Authentic Document excluded Appendix 8. Appendix 8 contains information regarding the particular terms of the plan at issue in this case – the minimum and maximum amounts of life insurance coverage to which retirees were entitled. The Court reiterates that the scope of discovery is broad. *Gomez*, 50 F.3d at 1519. Therefore, although the Court has no reason to doubt that Appendix 8 was, as Defendants state, nothing more than a mistake, information regarding Appendix 8 is relevant to Plaintiffs' claims and discoverable.

> **B. Adequacy of Defendants' Responses to Interrogatory No. 2 and Document Request No. 2**

Plaintiffs seek seven categories of information regarding Appendix 8, summarized as follows: (1) the identities of persons who participated in discussions regarding Appendix 8 and decided to "include it" and "remove it" from the governing plan document; (2) an explanation of the reasons for inclusion of Appendix 8 in the governing plan document; (3) an explanation of the reasons for removal of Appendix 8 from the governing plan document; (4) a statement as to whether each person who participated in the decision-making about the inclusion and removal of Appendix 8 relied on legal advice in making such decisions; (5) the identities of any counsel involved in providing such legal advice; (6) the date when Appendix 8 became part of the governing plan document; and (7) copies of all documents relating to the creation of Appendix 8. *See Motion* [#95] at 2.

Defendants have responded to Interrogatory No. 2 and Document Request No. 2 by attempting to explain that Appendix 8 was included by mistake. *Response* [#100] at 3-5. Admittedly, Defendants have not specifically responded to categories 1 through 6 above.

7

Because the Court has found that this information is relevant to Plaintiffs' claims and appears reasonably calculated to lead to the discovery of admissible evidence, Defendants must respond to each category. *See* Fed. R. Civ. P. 26(b).

Accordingly, IT IS HEREBY **ORDERED** that Plaintiffs' **Motion to Compel Discovery Response to Interrogatory and Related Document Production** [Docket No. 95; Filed July 23, 2008] is **GRANTED**. Defendants shall respond to Interrogatory No. 2 and Request for Production No. 2 on or before **October 27, 2008**.

## III. Request for Fees

Plaintiffs have requested an award of costs and attorney's fees incurred in filing the Motion to Compel, pursuant to Fed. R. Civ. P. 37. *Motion* [#95] at 6. Rule 37 provides, in relevant part, "[i]f the motion [to compel] is granted . . . the court must . . . require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: . . . (ii) the opposing party's nondisclosure, response, or objection was substantially justified; . . . ." Fed. R. Civ. P. 37(a)(5)(A)(ii). The Court finds that Defendants' objections to Plaintiffs' Motion were substantially justified. Accordingly, IT IS HEREBY **ORDERED** that Plaintiffs' request for costs and fees is **DENIED**. Each party will bear its own costs.

    BY THE COURT:

    __s/ Kristen L. Mix_____

    United States Magistrate Judge

Dated: October 17, 2008