IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 07-cv-00644-WDM-CBS

EDWARD J. KERBER, *et al.*,

    Plaintiffs,

v.

QWEST GROUP LIFE INSURANCE PLAN, *et al.*,

    Defendants.

## ORDER ON MOTION FOR CLASS CERTIFICATION

Miller, J.

    This matter is before me on Plaintiffs' Second Amended Motion for Class Certification (Docket No. 63). Defendants oppose the motion (Docket No. 86). In addition to this motion, there are currently six other motions currently pending in this action: (1) Plaintiffs' Amended Motion for Summary Judgment (Docket No. 65); (2) Defendants' Motion to Dismiss the First, Second, and Seventh Claims for Relief (Docket No. 79); (3) Defendants' Motion for Summary Judgment on Plaintiffs' First, Third, Fourth, and Fifth Claims for Relief (Docket No. 90); (4) Plaintiffs' Motion to Strike (Docket 90) Defendants' Motion for Summary Judgment (Docket No. 93); (5) Defendants' Motion for Summary Judgment on Plaintiffs' Second Claim (Docket No. 107); and (6) Defendants' Motion for Summary Judgment on Plaintiffs' Sixth, Seventh, and Eighth Claims (Docket No. 108).

    Upon preliminary review of the dispositive motions and the motion for class

certification, and in consideration of the interests of judicial economy and the parties' interest in a ruling on certification "at an early practicable time," Fed. R. Civ. P. 23(c), I find that it is most appropriate to rule on the pending dispositive motions prior to ruling on class certification. *See Wiesmueller v. Kosobucki*, 513 F.3d 874, 878 (7th Cir. 2008) ("'It is true that Rule 23(c)(1) of the civil rules requires certification as soon as practicable, which will usually be before the case is ripe for summary judgment. But 'usually' is not 'always,' and 'practicable' allows for wiggle room. (quoting *Cowen v. Bank United of Texas, FSB*, 70, F.3d 937, 941–42 (7th Cir. 1995)); *Wright v. Schock*, 742 F.2d 541 (9th Cir. 1984) ("[T]he timing provision of Rule 23 is not absolute. Under the proper circumstances -- where it is more practicable to do so and where the parties will not suffer significant prejudice -- the district court has discretion to rule on a motion for summary judgment before it decides the certification issue."); *see also Michael v. Ghee*, 498 F.3d 372, 374 n.1 (6th Cir. 2007) (affirming summary judgment and dismissal when the motion for class certification was still pending); *Figueroa v. United States*, 466 F.3d 1023, 1028 (1st Cir. 2007) (affirming summary judgment when the Court of Federal Claims had "stayed the class certification issue pending resolution of dispositive motions" and then denied the class certification motion as moot after summary judgment was granted); *Arrington v. Helms*, 438 F.3d 1336, 1340 n.2 (11th Cir. 2006) (affirming summary judgment when the "district court ruled on the summary judgment motions before it considered the class certification issue"). In particular in this case I note that ruling on the motion for certification prior to a decision on the merits is designed to protect the defendant from subsequent lawsuits. However, in this case Defendants oppose class certification and, therefore, I conclude that there is no

prejudice to either party in resolving the dispositive motions prior to the motion for certification. Furthermore, given the various classes and subclasses with respect to specific claims that Plaintiffs seek to certify, I conclude that judicial economy will be best served by ruling on the dispositive motions prior to considering the class certification issues.

Accordingly, it is ordered Plaintiffs' Second Amended Motion for Class Certification (Docket No. 63) is denied without prejudice to re-filing following a ruling on the pending dispositive motions.

DATED at Denver, Colorado, on March 24, 2009.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge