IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 07-cv-00644-WDM-KLM

EDWARD J. KERBER, *et al.*,

    Plaintiffs,

v.

QWEST GROUP LIFE INSURANCE PLAN, *et al.*,

    Defendants.

## ORDER ON MOTION FOR RECONSIDERATION

Miller, J.

    This matter is before me on Plaintiffs' Motion for Reconsideration (Docket No. 153).  After a review of the pleadings and the parties' written argument, I conclude oral argument is not required.  For the reasons that follow, Plaintiffs' motion shall be denied.

Background

    This case centers on the life insurance plan (the "Plan") that Defendant Qwest Communications International, Inc. ("Qwest") provides to its employees.  A full review the relevant facts of this case are set forth in my March 31, 2009 Order (Docket No. 152), which is the Order on which Plaintiffs seek reconsideration.  Essentially, Plaintiffs bring a number of claims against Qwest for Qwest's decisions in 2005 and 2006 reducing the life insurance benefit for all plan participants to a flat $10,000 (the "Benefit Reduction").  In the March 31, 2009 Order, I granted summary judgment to Defendants with respect to Claims 3, 4, and 5.  Claim 3 alleges that the 2005 Resolutions, issued by

Qwest after a Qwest Plan Design Committee ("PDC") meeting to announce the Benefit Reduction, were ineffective as a Plan amendment under the amendment provisions of the Plan. Claim 4 alleges that Amendment 2006-1, which essentially formalized the Benefit Reduction, was also ineffective as a Plan amendment. Claim 5 alleges that Plan Amendment 2006-1 violated the Prior Loss Proviso, a provision in the Plan providing that no amendment to the Plan "shall reduce the benefits of any Participant with respect to a loss incurred prior to the date such amendment is adopted."

## Standard of Review

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Fed. R. Civ. P. 59(e) will govern when the motion for reconsideration is filed within ten days of the judgment and Fed. R. Civ. P. 60(b) will govern all other motions. *Id.*

A motion for amendment under Rule 59(e) is limited to a narrow set of circumstances: it "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Van Skiver*, 952 F.2d at 1243). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Brumark*

*Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).  This same standard has been applied to both Rule 59(e) motions, *see id.*; *Schlussler-Womak v. Chickasaw Tech Prod.*, 116 Fed. Appx. 950 (10th Cir. 2004) (unpublished),[1] and Rule 60(b) motions, *see Lyons v. N.M. Dep't of Corr.*, 12 Fed. Appx. 772, 773 (10th Cir. 2001) (unpublished); *Adams v. Anderson*, 12 Fed. Appx. 910, 914 (10th Cir. 2001) (unpublished).

In this case, Plaintiffs filed their motion for amendment within ten days after the Order entered in the case.  Therefore, Plaintiff's motion was timely filed pursuant to Rule 59(e).

Discussion

Plaintiffs argue that the March 31, 2009 Order made erroneous factual findings that, if not corrected, will result in manifest injustice.  First, Plaintiffs argue that I incorrectly determined that the Group Policy between Qwest and Prudential Insurance Company of America ("Prudential"), the insurer, was not incorporated into the Plan because the parties themselves have agreed that the Plan incorporated the Group Policy.  Given this alleged incorrect factual determination, Plaintiffs argue that the entire March 31, 2009 Order should be reconsidered.  A review of the March 31, 2009 Order, however, reveals that I merely noted that I remained unconvinced that the Plan incorporated the Group Policy and did not base my decision on such a conclusion. (See Docket No. 152 at 16 n.11 ("I also note, however, that I am unconvinced that the Group Policy with Prudential is part of the 1998 Plan Documents.").)  Therefore, even

---

[1] Although the Tenth Circuit does not allow citation to unpublished opinions for precedential value, unpublished opinions may be cited for persuasive value. 10th Cir. R. 32.1.

assuming Plaintiffs are correct that the parties agree that the Plan incorporated the Group Policy such that it would be subject to the plan documents rule, a contention disputed by Defendants now (*see* Docket No. 154 at 10), this neither formed the basis for the March 31, 2009 Order nor constituted a factual finding and, therefore, presents no valid ground for reconsideration of the Order.

Second, Plaintiffs argue that the March 31, 2009 Order "made an erroneous determination that Plaintiffs had not alleged there had been a violation of the requirement to act in conformity with the terms of the Plan Documents." (Docket No. 153 at 4.) The March 31, 2009 Order stated that "if Plaintiffs are alleging a violation of ERISA for failure to abide by the plan documents rule, such a violation was not alleged in the Second Amended Complaint and, therefore, is inappropriately argued now." *Id.* Plaintiffs argue that they specifically "invoked" the plan documents rule in the Second Amended Complaint by requesting a declaration "that PLAN fiduciaries and administrators failed to discharge duties to act in accordance with PLAN documents, as required by ERISA section 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D)."

Plaintiffs, however, misconstrue the statement in the March 31, 2009 Order. In the Order, I determined that, contrary to Plaintiffs' arguments, any failure to comply with the requirements set forth in the Group Policy did not affect whether the 2005 Resolutions or Amendment 2006-1 served to amend the Plan. (*See* March 31, 2009 Order, Docket No. 152 at 15–16 ("Although failure to abide by the terms of the insurance contract with Prudential may be a violat[ion] of the plan documents rules, it does not affect whether Qwest manifested its intent to amend the Plan via the 2005 Resolutions, any actions taken with respect thereto, or Amendment 2006-1.").) I also

4

determined that to the extent Plaintiffs were alleging a violation of ERISA for failure to abide by the plan documents rule rather than that a violation of the plan documents rule caused the 2005 Resolutions and Amendment 2006-1 to be ineffective as Plan amendments, such a violation was not alleged in the Second Amended Complaint and, therefore, was not appropriately argued in relation to the motions for summary judgment.  Indeed, the March 31, 2009 Order addressed the parties' cross motions for summary judgment on Claims 3, 4, and 5.  As none of these claims for relief alleged a violation of ERISA for failure to abide by the plan documents rule, analysis of such an allegation was not appropriate.  Thus, even if the statement in the March 31, 2009 Order regarding Plaintiffs' allegations of a plan documents rule violation was erroneous,[2] it does not provide any valid grounds for reconsideration as the statement did not provide the basis for my decision.

Therefore, I conclude that the arguments presented by Plaintiffs provide no valid grounds for reconsideration of my previous order.  Plaintiffs do not purport to demonstrate an intervening change in controlling law or new evidence not previously available.  *See Servants of the Paraclete*, 204 F.3d at 1012.  And, as the grounds Plaintiffs do assert for reconsideration did not form the basis for my conclusions in the March 31, 2009 Order, they have not demonstrated any need to correct clear error or prevent manifest injustice.

I will, however, amend the March 31, 2009 Order to correct a clerical error on page 16.  Section 4 should be titled "Claim 5" rather than "Claim 6" and should refer to

---

[2] I do note, however, that although Plaintiffs may have referenced the plan documents rule in their Prayer for Relief, no claim for relief is based on an alleged violation of the plan documents rule.

"Plaintiffs' Fifth Claim" rather than "Plaintiffs' Sixth Claim".

Accordingly, it is ordered:

1. Plaintiffs' Motion for Reconsideration (Docket No. 153) is denied.

2. The March 31, 2009 Order is amended as indicated in this Order to correct a clerical error.

DATED at Denver, Colorado, on August 25, 2009.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge